## STUART MOTOR CO. v. BURROUGHS ADDING MACH. CO.

### No. 2637.

Court of Civil Appeals of Texas. El Paso.

March 3, 1932.

Rehearing Denied March 24, 1932.

Hal Haddix, of Fabens, for plaintiff in error.

Harold E. Hankamer, of El Paso, for defendant in error.

WALTHALL, J.

This case was tried in the justice court and duly appealed to the El Paso county court at law, from which this appeal is prosecuted.

Stuart Motor Company, a firm composed of R. F. and B. F. Stuart, sued the Burroughs Adding Machine Company, a corporation, for damages for the value of a Burroughs adding machine and the value of the use of said machine for the time stated, alleging that on and before January 30, 1930, plaintiffs were the owners and in possession of said machine and sent and delivered it to defendant for some minor adjustment. Defendant refused to deliver the machine to plaintiffs. Plaintiffs allege a conversion of said machine by defendant, alleging its value and use to be $104, for which they sue and ask judgment.

Defendant answered by general denial, and specially deny title to be in plaintiffs, and assert title to be in defendant, allege that in March, 1928, said machine was stolen from the offices of defendant in Memphis, Tenn., and that plaintiff's title to said machine was obtained from a thief, or from some unauthorized representative of defendant, and pray that plaintiffs take nothing by their suit and that it have judgment for title and possession of said machine.

Plaintiffs answer by general denial, and further say they are purchasers of said machine in good faith for value and without notice or knowledge of the matters set up in defendant's answer. They further allege that, if defendant ever owned said machine, it parted with its title by delivering it to a purchaser or proposed purchaser, in Memphis, prior to plaintiff's purchase, under some kind of sale and purchase arrangement, the nature of which plaintiffs do not know, but sufficient to pass the title, or apparent title, to such purchaser, as against plaintiffs, they having purchased said machine in Fabens, Tex., and that defendant is now estopped to claim title as against plaintiffs.

The case was submitted to the jury on special issues. The court defined theft as in the Penal Code, and instructed the jury, in effect, that, if the taking, though originally lawful, was obtained by any false pretense or with intent to deprive the owner of the value of the machine and to appropriate it to the use and benefit of the person taking the same, the offense of theft was complete.

The jury found: The value of the machine was $50; that it was stolen from the Burroughs Adding Machine Company at Memphis, about March 3, 1928; that T. H. Turner, representing appellee, did not fail to exercise care when he parted with the possession of the machine to R. C. Burton, in Memphis, in March, 1928; that the machine involved here is the same machine Turner placed in the possession of Burton in Memphis.

On the facts found, judgment was rendered that defendant go hence without day and recover his costs, and, further, that the title to the Burrough adding machine be and the same is hereby deemed to be in the defendant.

Plaintiff's motion for a new trial was overruled, and plaintiffs prosecute this appeal by writ of error.

The evidence is too lengthy to quote here in its entirety. We state only the facts established by the evidence, and quote therefrom such portions only as seem to make pertinent the points submitted by plaintiffs.

The evidence shows that plaintiffs, at the time involved, were engaged in the automobile business at Fabens, Tex. The machine in question, a Burroughs adding machine, was practically new and was worth in the market about $100. On January 15, 1930, the machine was slightly out of adjustment, and plaintiffs delivered it to the Burroughs Adding Machine Company at El Paso, Tex., for purpose of repairs only. Defendant refused to deliver the machine to plaintiffs on demand, but demanded that plaintiffs pay defendant the value of the machine, claiming that the machine had been stolen from its agency at Memphis, Tenn.

Plaintiffs bought the machine on March 10, 1928, from one giving his name as H. W. Ray, paying value therefor, and without notice or knowledge that it had been stolen. Plaintiffs had never before seen the man from whom they bought the machine, and took no bill of sale, and knew nothing about defendant's rules requiring a written contract with the sale of their machines.

S. F. Murphy, defendant's El Paso district agent, testified: Fabens, Tex., is in his district; all agents for defendant in his district work under his supervision; stated the serial number of the machine; defendant keeps a card index of all of its machines; when a machine is lost or stolen, a card notice bearing the serial and style number of the lost or stolen machine, and date of its disappearance, is sent to every agency; the card is then filed in the agent's file index; witness received such card from defendant's home office in March, 1928, on the machine in question; witness produced and introduced such card; the lost and stolen machine card serial and style numbers apparently identify the machine in question.

T. H. Turner, defendant's salesman in Memphis, Tenn., testified by deposition: Was such salesman in March, 1928; had in his possession as defendant's agent a machine bearing the serial number identifying the machine as on the card exhibited. Said: "I had this machine in my possession for the purpose of selling the same and also for demonstrating said model for prospective purchasers. On the 3rd day of March, 1928, I had occasion to transact business with an individual who gave his name as R. C. Burton at 1386 Poplar Avenue, in the City of Memphis, Tenn. This R. C. Burton gave me an order for a Burroughs machine; the model of the machine he gave me an order for was known as the Burroughs Portable Subtractor. Yes, after he gave me an order for the Burroughs Portable Subtractor, he requested me to loan him a machine pending the delivery to him by the company of the one he had ordered. Yes, I left the Burroughs Portable Adding Machine with him at the time he gave me the order for the Burroughs Portable Subtractor. Yes, this Burroughs Portable Adding Machine bearing serial No. 1193712 was left with Mr. R. C. Burton only as a 'loan machine' for his use pending the delivery to him by the company of the Burroughs Portable Subtractor for which he had given me the order. No, there was no contract signed by Mr. R. C. Burton whereby he agreed to purchase (either machine). On or about the 7th or 8th day of March, 1928, I had occasion to return to Mr. R. C. Burton's place (giving his address). Yes, I returned there to deliver to Mr. R. C. Burton (the machine he had ordered) and to take back (the machine witness had left as a loan machine)."

Witness stated the place was vacant, locked, and that Burton could not be located after search and inquiry. Said: "The machine had been taken away without my consent," and that he was the only agent of defendant in that vicinity, and that he reported to his company the theft of the machine bearing that serial number.

L. A. Farguhar, defendant's treasurer, testified: Stated his duties; salesmen must take written contract of machines sold; testified as did other witnesses of the keeping record of serial number and type of machines; agents are authorized to leave loan machines with prospective purchasers, for demonstration purposes, while orders are being filled, and do not pass title to machines so left. Said: "Our office contains a record showing the existence of a Burroughs Portable Adding Machine bearing serial No. 80801—1193712. There is only one Burroughs Portable Adding Machine bearing that number." Witness had report from Turner of the theft of the machine bearing such serial number, and a card giving such information was sent to the company's agencies, including Murphy at El Paso, Tex., who, and his agents, have the exclusive right to sell defendant's machines in that territory.

■ Plaintiffs present a number of propositions submitting error to questions and answers admitted in evidence over objection. We have carefully reviewed each one, and have concluded that reversible error is not shown. The questions propounded to the witness are leading, and no doubt would have have been stricken had timely motion been made, but such was not done. The objections made were not tenable. They are each overruled. A question to witness Turner reads: "Did you on the 3rd day of March, 1928, have in your possession, as agent of the Burroughs Adding Machine Company, an adding machine bearing serial No. ~~80801~~—1193712?" the figures 80801 having a line drawn through them as above indicated.

■ The objection was that "the serial number had been surreptitiously changed and altered by striking out the first set of numbers after said interrogatory had been crossed by plaintiff." The bill of exceptions states that the trial court had examined the copy served on plaintiffs and concluded that the notary who took the deposition had made the alteration at the time he took the deposition.

In Ballard v. Perry, 28 Tex. 347, at page 363, it is said: "The depositions should not have been excluded simply on account of the interlineations and erasures. The context and connection in which they are placed evidently show they were made at the time the depositions were taken. It was not charged, nor in fact was there anything disclosed upon which to base the slightest suspicion, that there had been any fraudulent alteration or tampering with the depositions."

Certainly no harm is shown to plaintiffs. The use of the style number 80801 is fully explained by other witnesses. The serial figures remaining in the deposition after the erasure are the ones that identify the machine.

■ There is no merit in plaintiff's proposition complaining that defendant's witnesses were allowed to testify that its agents could sell machines only by written contract.

Plaintiffs do not claim they bought the machine from defendant's agent. It may be, as suggested, that the evidence was immaterial, but it was harmless.

Objection is made to the court's charge that it did not place the burden of proof on defendant on the issue of theft.

■ It is not always necessary, in submitting cases on special issues, to state on whom rests the burden of proof. Plaintiffs offered no evidence on the issue of the theft of the machine; only defendant's witnesses testified to the facts from which the issue of theft is to be established. There is therefore no controversy in the evidence on the theft issue, and hence the jury would have no occasion to compare the weight to be given the evidence on that issue, and no reason for stating on whom rests the burden of proof.

If we understand plaintiff's fifth proposition, it is to the effect that the court's charge in submitting the issue of theft gives merely our Penal Code definition of theft, but does not submit to the jury a finding on each separate element of fact which constitutes theft as defined, but submitted to the jury to find only whether "the adding machine described in the pleading herein was stolen from the Burroughs Adding Machine Company at Memphis, Tennessee," on the date stated, and "under the definition of theft as herein given you."

■ The statutory definition of theft was sufficient as stating the facts necessary to be proved to make the offense complete. It was not necessary, we think, in a civil case, to submit to the jury for its finding each element of fact, singly and separate from every other fact as found in the definition of theft in the charge. Only the ultimate fact or facts are necessary to be submitted.

We do not find from the undisputed evidence, as stated in plaintiff's sixth proposition, that defendant "had sold one machine and left another to be exchanged for it," and that "there was a total absence of proof of loss" on the part of defendant.

The evidence shows without controversy that no sale of any machine had been made, only an order for one, and that the machine in question had been left with Burton for his use, at his request, pending the negotiations for the machine Burton had expressed an intention to buy. The machine was taken without the agent's consent. No evidence of any contract of sale or payment for the machine appears in the record.

■ The court was not in error in refusing to give plaintiff's peremptory charge.

■ It is well settled that, in the absence of some statute stating a contrary rule, a bona fide purchaser of personal property for value from one who has no actual title can acquire no greater rights than his vendor held. Here

there was no sale or semblance of a sale by defendant to Burton, nor was there a conditional sale. Purity Creamery Co. v. Hays et al. (Tex. Civ. App.) 4 S.W.(2d) 1056; Gose v. Brooks (Tex. Civ. App.) 229 S. W. 979; 24 R. C. L. p. 375, par. 663.

We have found no reversible error, and the case is affirmed.

### On Motion for Rehearing.

In our opinion in quoting from the testimony of defendant's salesman, T. H. Turner, we said: "No, there was no contract signed by Mr. R. C. Burton whereby he agreed to purchase (either machine)." Appellee submits that the quotation as to the words "either machine" in parenthesis, is error, and that the evidence is sufficient to show that the Burroughs Adding Machine Company accepted Burton's order and thereby made a sale to Burton of the Burroughs portable subtractor, and necessarily received at least a part of the consideration for the machine; that such being the evidence appellant lost nothing of value, and there was no theft of the machine, and the taking of the machine, at most, was a trespass and not theft.

The words "either machine" in parenthesis in the opinion were not the words of the witness, and were intended only to express what we thought the evidence showed and to abbreviate the statement of the evidence.

In passing on the motion, we have concluded to state the evidence more fully. The evidence shows that Burton gave the salesman Turner an order for the Burroughs portable subtractor, not the identical machine Burton carried away. Defendant put in evidence a blank form of contract used in making sales, and defendant's witness Murphy said: "We always require a written contract with every sale whether the terms upon which the machine are sold are cash or on the installment plan. This is a copy of the contract required in every case."

The witness Turner who handled the transaction with Burton in Tennessee, said: "This R. C. Burton gave me an order for a Burroughs Machine; the model of the machine he gave me the order for was known as the Burroughs Portable Subtractor. * * * He requested me to loan him a machine pending the delivery to him by the company of the one he ordered. Yes, I left the Burroughs Portable Adding Machine with him at the time he gave me the order for the Burroughs Portable Subtractor. Yes, this Burroughs Portable Adding Machine bearing Serial No. 1193712 was left with Mr. R. C. Burton only as a 'loan machine' for his use pending the delivery to him by the company of the Burroughs Portable Adding Machine, Serial No. 1193712. No, I did not sign any papers whereby I, as agent for the Burroughs Adding Machine Company, passed title to said R. C. Burton

from the Burroughs Adding Machine Company."

Plaintiff's reasoning seems to be that, if Burton ordered one machine upon which he may have made a part payment, as may have been the case as indicated from the blank form in evidence, but took the "loan machine" put in his possession, he could not be guilty of the theft of the "loan machine" taken by Burton for which he had made no order or even contemplated buying. The court submitted the question of theft of the "loan machine," not the machine ordered. But if, as suggested by plaintiffs, Burton had made part payment on the machine ordered, the jury then had before them the question, as in the definition of theft submitted, Did Burton take the machine "with intent to deprive the owner of the value of the same"? The jury found that he did. It may be, as suggested in plaintiff's motion, that Burton's order for the machine he thought to buy, and if the order could not be countermanded, and the order was accepted by the seller, such facts would ordinarily constitute a binding contract of sale. But such is not the evidence as to the machine involved here.

We think the case was fairly tried, and we see no reason to remand for another trial. The motion is overruled.